# EXHIBIT 1

141-314570-20

FILED
TARRANT COUNTY
1/17/2020 9:08 AM
THOMAS A. WILDER
DISTRICT CLERK

NO. _____

| | | |
|---|---|---|
| **MEHER RAZVI** | § | **IN THE DISTRCT COURT** |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **_____ JUDICIAL DISTRICT** |
| | § | |
| **DALLAS FORT WORTH** | § | |
| **INTERNATIONAL AIRPORT A/K/A** | § | |
| **DFW AIRPORT;** | § | **Exhibit 1** |
| **CITY OF DALLAS;** | § | |
| **CITY OF FORT WORTH;** | § | |
| **SPIRIT AIRLINES, INC.;** | § | |
| **Defendants.** | § | **TARRANT COUNTY, TEXAS** |

### PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND, AND FIRST SET OF WRITTEN DISCOVERY

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** MEHER RAZVI, hereinafter Plaintiff, complaining of and about DALLAS FORT WORTH INTERNATIONAL AIRPORT A/K/A DFW AIRPORT; CITY OF DALLAS; CITY OF FORT WORTH; AND SPIRIT AIRLINES, INC. hereinafter Defendants, and for cause of action will show unto the Court the following:

### DISCOVERY CONTROL PLAN LEVEL

1.      Plaintiff brings this action under Texas Rule of Civil Procedure 47(c)54) and seeks monetary relief over $1,000,000.  Plaintiff intends that discovery be conducted under Discovery Level 3.

### PARTIES AND SERVICE

2.      Plaintiff, MEHER RAZVI, is an individual residing at 3301 Crestforest Circle, Plano, Collin County, Texas. The last three numbers of Plaintiff's social security number are 606.

3.      Defendant, **DALLAS FORT WORTH INTERNATIONAL AIRPORT A/K/A DFW AIRPORT,** is a municipality and is owned and operated both by the City of Dallas and the

**Plaintiff's Original Petition, Jury Demand, and Request for Discovery**          **Page 1**

Unofficial Copy

City of Fort Worth.  Plaintiff requests that service be made on the City of Dallas by serving the **City Secretary, Bilierae Johnson at 1500 Marilla Street, Room 5D South, Dallas, Dallas County, Texas 75201.  Plaintiff request that service be made on the City of Fort Worth by serving the City Secretary, Mary J. Kayser at 200 Texas Street, Fort Worth, Texas. <u>Citations are requested at this time.</u>**

4.      Defendant, **<u>CITY OF DALLAS,</u>** is a municipality and may be served with process by serving the **City Secretary, Bilierae Johnson at 1500 Marilla Street, Room 5D South, Dallas, Dallas County, Texas 75201.  <u>Citation is requested at this time.</u>**

5.      Defendant, **<u>CITY OF FORT WORTH,</u>** is a municipality and may be served with process by serving the **City Secretary, Mary J. Kayser at 200 Texas Street, Fort Worth, Texas. <u>Citation is requested at this time.</u>**

6.      Defendant, **<u>SPIRIT AIRLINES, INC.,</u>** is a Foreign For-Profit Corporation and may be served with process by serving its registered agent for service:  Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company at 211 E. 7th Street, Suite 620, Austin, Texas 78701.  **<u>Citation is requested at this time.</u>**

### <u>MISNOMER/ALTER EGO</u>

7.      In the event any parties are misnamed or are not included herein, it is Plaintiff's contention that such was a "misidentification," "misnomer," and/or such parties are/were "alter egos" of parties named herein. Alternatively, Plaintiff contends that such "corporate veils" should be pierced to hold such parties properly included in the interest of justice.

### <u>JURISDICTION AND VENUE</u>

8.      The subject matter in controversy is within the jurisdictional limits of this court.

9.      This Court has jurisdiction over the parties, because said Defendants purposefully availed itself of the privilege of conducting activities in the State of Texas and established

Unofficial Copy

minimum contacts sufficient to confer jurisdiction over said Defendants, and the assumption of jurisdiction over Defendants will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

10.     Venue in Tarrant County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in Tarrant County.

## FACTS

11.     On or about January 17, 2018, Plaintiff, MEHER RAZVI, was an Invitee at the property known as the DALLAS FORT WORTH INTERNATIONAL AIRPORT A/K/A DFW AIRPORT located at 2400 Aviation Drive, DFW Airport, TX 75261 and owned and/or controlled by the Defendants, CITY OF DALLAS and CITY OF FORT WORTH.

12.     On the date of the incident, which makes the basis of this lawsuit, Plaintiff, MEHER RAZVI was at the DALLAS FORT WORTH INTERNATIONAL AIRPORT A/K/A DFW AIRPORT and had walked up to the Spirt Airlines counter that is owned by Defendants DALLAS FORT WORTH INTERNATIONAL AIRPORT A/K/A DFW AIRPORT; CITY OF DALLAS; CITY OF FORT WORTH; AND SPIRIT AIRLINES, INC. when she slipped and fell due to plastic that was on the floor near the Spirit Airlines check in counter. As a result of Defendants' negligence, Plaintiff suffered severe personal injuries.

## CLAIM OF NEGLIGENCE

13.     Defendants, as owner, operator, and/ or manager of the location in question, and by and through its employees and/or actual, apparent, ostensible or estoppel agents and/or representatives, at all times material hereto, owe a duty to act as a reasonable and prudent property owner, operator and/or management company would have done under the same or similar

Unofficial Copy

circumstances.  Defendants are negligent and such negligence is the proximate cause of Plaintiff's injuries and damages.

14.     Defendants breaches its duties by, among other acts and/or omissions, as follow:

a.     Failure to prevent injury to others if it reasonably appears or should appear that in the exercise of their lawful rights others may be injured by a dangerous condition that was created by the individual;

b.     Failure to exercise reasonable care to avoid a foreseeable risk of injury to others;

c.     Failure to take affirmative action to control or avoid increasing the danger from a condition that has been at least partially created by the Defendants' conduct; and

d.     Failure to secure safe access to public property.

15.     A condition within Defendants' ownership or control poses an unreasonable risk of harm.  The plastic on the floor of the Defendants' premises creates a dangerous and hazardous condition proximately causing the incident in question.

16.     Defendants knew or reasonably should have known of the dangerous condition existing on the premises in question.

17.     Defendants have a duty to use ordinary care to ensure that the premises did not present a danger to Plaintiff.  This duty includes the duty to inspect and the duty to warn or to cure. Defendants breached the duty of ordinary care by choosing not to remedy the unsafe condition of the plastic on the floor of Defendants' premise.

18.     Defendants are also negligent in hiring, supervision, training, and retaining its employees who causes and/or fails to remedy the unreasonably dangerous condition.

19.     Plaintiff will show that Defendants failed to exercise ordinary care in performing such duty. The acts and/or omissions of Defendants described above by which Defendants

**Plaintiff's Original Petition, Jury Demand, and Request for Discovery**                    **Page 4**

Unofficial Copy

breaches such duties constitutes a proximate cause of Plaintiff's damages described more fully below, for which Defendants are liable to Plaintiff.

20.     Each of such acts and/or omissions, singularly or in combination with others, are a proximate cause of the occurrence and damages sustained by Plaintiff, for which Plaintiff prays judgment of this Court in an amount within the jurisdictional limits of this Court.

## PREMISE LIABILITY

21.     In the alternative, Defendants, as owner, operator and/or manager of the premises in question, and by and through its employees and/or actual, apparent, ostensible or estoppel agents and/or representatives, at all times material hereto, owe a duty to act as a reasonable and prudent property owner, operator and/or management company would have done under the same or similar circumstances.  Defendants are negligent and such negligence is the proximate cause of Plaintiff's injuries and damages.

22.     Defendants breaches its duties by, among other acts and/or omissions, as follow:

a.     Creating a condition on the premises which posed an unreasonable risk of harm to individuals such as Plaintiff;

b.     Permitting an unreasonably dangerous condition which Defendants knew, or in the exercise of ordinary care should have known about, to exist on the premises in areas which Defendants knew that persons such as Plaintiff are likely to suddenly and unexpectedly encounter without warning and that constitute a hazard and risk of personal injury;

c.     In choosing not to conduct reasonable inspections of the Defendants' premises in order to discover the condition on the premises which poses an unreasonable risk of harm to individuals such as Plaintiff;

d.     In choosing not to warn Plaintiff of the condition on the premises which poses an unreasonable risk of harm to individuals such as Plaintiff;

e.     In choosing not to make safe a condition on the premises which Defendants knew, or in the exercise of ordinary care should have known, poses an unreasonable risk of harm to individuals such as Plaintiff; and,

Unofficial Copy

      f.     In choosing not to timely and properly remedy the condition so as to prevent harm or injury to others such as Plaintiff.

23.     At the time of the incident which makes the basis of this lawsuit, Defendants were the owners, operators, and/or the managers of the premises located at 2400 Aviation Drive, DFW Airport, TX 75261.

24.     Plaintiff was at and/or on Defendants' premises with Defendants' knowledge and for their mutual benefit.

25.     A condition on Defendants' premises poses an unreasonable risk of harm.  The plastic on the floor of on the Defendants' premises create a dangerous and hazardous condition proximately causing the incident in question.

26.     Defendants knew or reasonably should have known of the dangerous condition existing on the premises in question.

27.     Defendants have a duty to use ordinary care to ensure that the premises did not present a danger to Plaintiff.  This duty includes the duty to inspect and the duty to warn or to cure. Defendants breached the duty of ordinary care by choosing not to remedy the unsafe condition of the plastic on the floor of Defendants' premise.

28.     Defendants are also negligent in hiring, supervision, training, and retaining its employees who causes and/or fails to remedy the unreasonably dangerous condition.

29.     Plaintiff will show that Defendants failed to exercise ordinary care in performing such duty. The acts and/or omissions of Defendants described above by which Defendants breaches such duties constitutes a proximate cause of Plaintiff's damages described more fully below, for which Defendants are liable to Plaintiff.

**Plaintiff's Original Petition, Jury Demand, and Request for Discovery**        **Page 6**

Unofficial Copy

30.     Each of such acts and/or omissions, singularly or in combination with others, are a proximate cause of the occurrence and damages sustained by Plaintiff, for which Plaintiff prays judgment of this Court in an amount within the jurisdictional limits of this Court.

### TEXAS TORT CLAIMS ACT – INJURY BY SPECIAL DEFECT

31.     Plaintiff alleges that the cause of her injury was a Special Defect as defined by the Texas Tort Claims Act and expanded to pedestrians (*See **Harris City v. Smoker***, 934 S.W.2d 714, 719 (Tex. App – Houston [1st Dist.] 1996, writ denied).

32.     Plaintiff alleges the following:

    a.      That Defendants, DALLAS FORT WORTH INTERNATIONAL AIRPORT A/K/A DFW AIRPORT; CITY OF DALLAS; and CITY OF FORT WORTH, are a 'governmental unit' as defined by TTCA 101.001(3);

    b.      That Defendants, DALLAS FORT WORTH INTERNATIONAL AIRPORT A/K/A DFW AIRPORT; CITY OF DALLAS; and CITY OF FORT WORTH, were at times pertinent to this matter the possessor of the premise;

    c.      That Defendants, DALLAS FORT WORTH INTERNATIONAL AIRPORT A/K/A DFW AIRPORT; CITY OF DALLAS; and CITY OF FORT WORTH, created the special defect an it did not result from a natural occurrence;

    d.      That the Special Defect, the plastic on the floor, constituted an unreasonable risk of harm;

    e.      That Defendants knew or should have known of the condition that possessed the unreasonable risk of harm;

Unofficial Copy

f.   And that by failure to warn, reduce, eliminate, or remedy the unreasonable harm so that the Defendants, DALLAS FORT WORTH INTERNATIONAL AIRPORT A/K/A DFW AIRPORT; CITY OF DALLAS; and CITY OF FORT WORTH, breached its duty of ordinary care;

g.   Because of the Defendants' breach of duty, Plaintiff suffered severe personal injuries;

h.   And, that if the Defendants, DALLAS FORT WORTH INTERNATIONAL AIRPORT A/K/A DFW AIRPORT; CITY OF DALLAS; and CITY OF FORT WORTH, were a private entity, it would have breached the duty it would have held to an invitee under similar circumstances.

## RESPONDEAT SUPERIOR LIABILITY

33.   The employees, and/or actual, apparent, ostensible or estoppel agents and/or representatives of Defendants were acting as employees and were in the course and scope of their respective employment and were within Defendants' general authority, in furtherance of Defendants' business, and for the accomplishment of the object for which Defendants' employees were hired.  Defendants are therefore liable under the theory of *Respondeat Superior*.  Therefore, Defendants are liable to Plaintiff for the damages proximately caused by their employees' acts and omissions.

## NOTICE

34.   Prior to the filing of this lawsuit, and within six months from the date of the occurrence described in this petition, Plaintiff presented notice of claim to Defendants as prescribed by Section 101.101(a) of the Texas Civil Practice and Remedies Code. Plaintiff has complied with all requirements of the Texas Tort Claims Act.

Unofficial Copy

## **SOVEREIGN IMMUNITY**

35.     Defendants, DALLAS FORT WORTH INTERNATIONAL AIRPORT A/K/A DFW AIRPORT; CITY OF DALLAS; and CITY OF FORT WORTH, may be held to answer in a court of law for the incident in question because this claim arises from the negligent maintenance and operation of the floors at the DALLAS FORT WORTH INTERNATIONAL AIRPORT A/K/A DFW AIRPORT, used by Plaintiff MEHER RAZVI.  Sovereign immunity is waived under the Texas Tort Claims Act as a result of the personal injury to Plaintiff involving and being caused by the use of real property to the extent that the Defendants would be liable if the entities were private persons.

36.     Further, under Texas Civil Practice and Remedies Code § 101.022, the Defendants owed Plaintiff a duty of care as licensee.

## **DAMAGES**

37.     As a direct and proximate result of the breach of duty, negligent acts and/or omissions of Defendants, set forth herein above, Plaintiff, MEHER RAZVI suffers severe injuries and damages, to include the following:

A.     Medical care expenses sustained in the past;

B.     Medical care expenses that, in reasonable probability, Plaintiff will sustain in the future;

C.     Physical pain and mental anguish sustained in the past;

D.     Physical pain and mental anguish which, in reasonable probability, will be suffered in the future;

E.     Physical impairment in the past;

F.     Physical impairment which, in reasonable probability, will be suffered in the future;

G.     Disfigurement sustained in the past;

**Plaintiff's Original Petition, Jury Demand, and Request for Discovery**          **Page 9**

Unofficial Copy

H.   Disfigurement which, in reasonable probability, will be suffered in the future;

I.   Loss of earnings in the past;

J.   Loss of earnings which, in reasonably probability, will be suffered in the future;

K.   Loss of earning capacity sustained in the past; and,

L.   Loss of earning capacity that, in reasonable probability, Plaintiff will sustain in the future.

## REQUEST FOR DISCOVERY

38.   Pursuant to Rule 194, Defendants are hereby requested to disclose the information or material described in Rule 194.2 (a)-(l) within fifty (50) days of the service of this request.

39.   Under Texas Rules of Civil Procedure 196, 197, 198 and 193.3 (b), Plaintiff requests that Defendants, within fifty (50) days of service of this request, respond to Plaintiff's First Set of Written Discovery to Defendants (Interrogatories, Requests for Admissions, Request for Production and Request for Privilege Log), made a part of this petition as Exhibit "A."

## INTENT TO USE DEFENDANT'S DOCUMENTS

40.   In accordance with Texas Rules of Civil Procedure 193.7, any documents produced by Defendants in response to written discovery will be used by Plaintiff at any pre-trial proceeding or trial.

## INTENT TO USE U.S. LIFE TABLES

41.   Plaintiff hereby notifies the Defendants of her intent to use U.S. Life Tables as published by the U.S. Government in trial of this matter.

## REQUEST FOR JURY

42.   Plaintiff requests a trial by jury on all issues herein and tenders the appropriate fee at the time of filing of this petition.

Unofficial Copy

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, MEHER RAZVI, respectfully prays that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants for damages over $1,000,000; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

/s/ Kristina N. Kastl w/p bh

**Kristina N. Kastl**
State Bar No. 24025467
Email: kkastl@kastllaw.com
**Blake Hollingsworth**
State Bar No.  24113368
Email: bhollingsworth@kastllaw.com

**DALLAS OFFICE**
**4144 North Central Expressway, Suite 1000**
**Dallas, Texas 75204**
**Phone:  (214) 821-0230**
**Fax:    (214) 821-0231**

EL PASO OFFICE
2615 N Piedras St
El Paso, Texas 79930
Phone: 915.765.6600

**FORT WORTH OFFICE**
**3601 Hulen Street**
**Ste. 101**
**Ft. Worth, Texas 76107**
**Phone: 817.383.3700**

**Attorneys for Plaintiff**

**\*Please note and document Kastl Law, PC. new e-serve  address.  All  future  e-serve  notifications must be served at:  eservice@kastllaw.com**
**Service is only effectuated if it is served through our eservice@kastllaw.com email.**

Unofficial Copy

# EXHIBIT A

## DEFINITIONS

1.     "Premises" shall refer to the property known as the DALLAS FORT WORTH INTERNATIONAL AIRPORT A/K/A DFW AIRPORT located at 2400 Aviation Drive, DFW Airport, TX 75261.   At all times material hereto, Defendants, DALLAS FORT WORTH INTERNATIONAL AIRPORT A/K/A DFW AIRPORT; CITY OF DALLAS; CITY OF FORT WORTH; AND SPIRIT AIRLINES, INC, owned, operated, and controlled the DALLAS FORT WORTH INTERNATIONAL AIRPORT A/K/A DFW AIRPORT and THE SPIRIT CHECK INCOUNTER located at 2400 Aviation Drive, DFW Airport, TX 75261 .

2.     "You," and "Your," and "Defendant(s)" shall mean Defendants, DALLAS FORT WORTH INTERNATIONAL AIRPORT A/K/A DFW AIRPORT; CITY OF DALLAS; CITY OF FORT WORTH; AND SPIRIT AIRLINES, INC, as captioned in Plaintiff's Original Petition, and all other persons or entities acting on its behalf and all employees who work on its behalf in the course and scope of your employment and in furtherance of your business.   "You" also includes any agent that acts on your behalf.

3.     "Lawsuit" and "case" refer to the above-numbered and entitled lawsuit.

4.     "Person" and "witness" means the plural as well as the singular and includes: natural persons, governmental agencies, municipalities, departments, units, or any subdivisions, corporations, firms, associations, partnerships, joint ventures, or any other form of business entity.

5.     The terms "and" and "or" as used herein are to be interpreted both disjunctively and conjunctively.

6.     "Document" and "documents" as used herein shall mean the original and each non-identical copy (whether different from the original because of marginal notes, or other material inserted therein, or attached thereto or otherwise) written or graphic matter, however produced or reproduced, whether sent or received, or neither, including drafts and both sides thereof, and including, but not limited to, printed, typewritten, emails and computer printed or written matter, and mechanical, magnetic and electronic recordings and shall include, without limitation, letters, telegrams, cablegrams, telex messages, TWX messages, correspondence, notations, work papers, transcripts, corporate books or minutes, reports, memoranda studies, summaries, agendas, bulletins, records of telephone or other conversations, or of interviews, conferences or other meetings, maps, charts, plans, specifications, diagrams, photographs, affidavits, statements, statistical diagrams, records, lists, tabulations, memoranda, notes, diaries, calendars, calendar, pads, newspaper clippings, appointment books or records, reports, worksheets, printed business forms, expense account reports or records, contracts, agreements, accounting records (including loan history), promissory notes, security agreements, pledge agreements, guaranties, loan agreements, credit reports, loan applications, financial statements, loan memoranda, private placement memoranda, bank statements, certificates of deposit, letters of credit, bids, quotations, proposals, bills, invoices, statements and other books, records, papers, copies, and drafts and proposed forms of any of such items or matters, or tapes, disks, sound records, computer printouts, data processing input and output, microfilm, microfiche, all other records kept by electronic,

**Plaintiff's Original Petition, Jury Demand, and Request for Discovery**                    **Page 12**

Unofficial Copy

photographic, or mechanical means, and items similar to all of the foregoing which were prepared by you or for you, or which are in or subject to your possession, custody, or control. The term "document" shall also include all "writings and recordings" as defined by Rule 1001 of the Texas Rules of Civil Evidence. If any tape, disk, card, wire, or other electronic or mechanical recording or transcript or any computer program is produced, you shall also produce such documents as are necessary for decoding, playing back, printing out, and/or interpretation thereof, and any other documents which are necessary to convert such information into a useful and usable format. If you can demonstrate that the original is unavailable, the terms "document" and "documents" shall also include a copy of the original.

7.      "Identify," as used herein with respect to a person, means to provide the name, address, and telephone number of such person.

8.      "Identify," as used herein with respect to a document, means to state with respect to such document sufficient detail to permit another party to this lawsuit to locate and identify as readily as can you, such document. Such information and detail might include for each document: (i) the name of the person who prepared it, (ii) the name of the person who signed it, or over whose name it was issued, (iii) the name of each person to whom it was addressed and/or sent or distributed, (iv) the general type of such documents (e.g., letter, memorandum, contract, etc.), (v) the date of such document, or if it bears no date, the date on or about which it was made or prepared, (vi) the physical location of such document, and (vii) the name and address of the persons having possession, custody, or control of such document. In lieu of providing such information and detail, you may attach such document to your answer to these discovery requests and indicate for which Interrogatory each document is applicable.

9.      "Plaintiff" or "Plaintiffs" shall mean the person(s) captioned and identified as Plaintiff(s) in Plaintiff's Original Petition filed in this matter; except to the extent that these Discovery Requests are being served by Plaintiff, MEHER RAZVI.

10.     "Negligence" means failure to use ordinary care; that is, failure to do that which a person of ordinary prudence would have done under the same or similar circumstances, or doing that which a person of ordinary prudence would not have done under the same or similar circumstances.

11.     "Ordinary Care" means that degree of care which would be used by a person of ordinary prudence under the same or similar circumstance.

12.     "Proximate Cause" means the cause which, in a natural and continuous sequence, produces an event, and without which cause such event would not have occurred; and in order to be a proximate cause, the act or omission complained of must be such that a person using ordinary care would have foreseen that the event, or some similar event, might reasonably result therefrom. There may be more than one proximate cause of an event.

13.     The "incident in question" or "incident" shall refer to the fall incident more specifically described Paragraph IV of Plaintiff's Original Petition.

**Plaintiff's Original Petition, Jury Demand, and Request for Discovery**                    **Page 13**

## FIRST SET OF INTERROGATORIES

A.     Plaintiff, pursuant to TRCP 197, serves the attached Interrogatories to be propounded to the Defendants.  These questions are being served upon you, the Defendants, and you are notified that Plaintiff specifies that the answers shall be served fifty (50) days after service of this request. These Interrogatories shall be answered separately and fully in writing under oath and signed by the person making them.

## INSTRUCTIONS

1.     The Interrogatories are to be answered separately and fully in writing, be signed under oath, and delivered to the Plaintiff's counsel within fifty (50) days after service hereof.  The answers shall be preceded by the question or interrogatory to which the answer pertains.

2.     These Interrogatories seek answers current to the date of response.  Pursuant to the Rules, you are under a duty to supplement your answers, and these Interrogatories shall be deemed continuing in nature to require such supplementation of all additional information as may hereafter be obtained by you, or by any person on your behalf, between the time answers are served and the time of trial.

3.     If any answer is refused in whole or in part on the basis of a claim of privilege or exemption, state the following: (a) the nature of the privilege/exemption claimed; (b) the general nature of the matter withheld (e.g., substance of conversation of the withheld information, name of originator); (c) name(s) of person(s) to whom the information has been imparted; and (d) the extent, if any, to which the information will be provided subject to the privilege/exemption.

**INTERROGATORY NO. 1:**     Please state the names of all persons who provided information in answering these interrogatories and Defendants' Response to Plaintiff's Request for Disclosure.

**ANSWER:**

**INTERROGATORY NO. 2:**     Before Plaintiff fell, was any agent, servant, or employee of Defendants aware of the plastic on the floor of the premise? If so, please identify said agent(s), servant(s), or employee(s).

**ANSWER:**

**INTERROGATORY NO. 3:**     What did you do, if anything, to warn Plaintiff of the condition prior to the incident in question?

**ANSWER:**

**INTERROGATORY NO. 4:**     How many agents, servants, or employees of Defendants

Unofficial Copy

were aware of the plastic on the floor of the premise before Plaintiff fell?

**ANSWER:**

**INTERROGATORY NO. 5:**        Please describe the investigation, if any, conducted by you concerning the incident in question.  This interrogatory does not include any investigation conducted by you in anticipation of litigation nor does it seek to violate the attorney-client privilege.

**ANSWER:**

**INTERROGATORY NO. 6:**        If you conducted an inspection of the area on the ground near where Plaintiff fell, please describe what the inspection revealed.

**ANSWER:**

**INTERROGATORY NO. 7:**        If any of your patrons, customers or employees have fell at the premise in question in the last five (5) years, please provide the following information for each incident:

        (a)        The name, address and telephone number of person(s) who fell;
        (b)        The date of occurrence;
        (c)        Whether the individual required medical attention/treatment as a result of the fall;
        (d)        Whether a claim or lawsuit was filed as a result; and,
        (e)        What actions were taken by Defendants to prevent future falls?

**ANSWER:**

**INTERROGATORY NO. 8:**        If any of your agents, servants, employees, owners, or patrons witnessed the incident made the basis of this suit, please provide the following information:

        (a)        Name, address and phone number of the individual(s);
        (b)        A description of what the individual(s) witnessed; and,
        (c)        Whether a written or recorded statement was obtained from the individual(s).

**ANSWER:**

**INTERROGATORY NO. 9:**        Please describe any conversations, if any, had between your agents, servants, or employees and Plaintiff or any witness to the incident in question.

**ANSWER:**

**INTERROGATORY NO. 10:**  Please describe what assistance, if any, was provided by your agents, servants, or employees to Plaintiff after she fell at the premise known as the the DALLAS FORT WORTH INTERNATIONAL AIRPORT A/K/A DFW AIRPORT located at 2400 Aviation Drive, DFW Airport, TX 75261.

**Plaintiff's Original Petition, Jury Demand, and Request for Discovery**                    **Page 15**

**ANSWER:**

**INTERROGATORY NO. 11:** Were any photographs taken of the Plaintiff or the scene of the incident immediately prior to or immediately after the incident in question?  If so, who took such photographs and who has possession of such photographs?  If not, why not?

**ANSWER:**

## REQUEST FOR ADMISSIONS

B.       Pursuant to Rule 198 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiff serves the following Request for Admissions to Defendants.  Defendants are requested to respond fully, in writing, and in accordance with Rule 198 of the TEXAS RULES OF CIVIL PROCEDURE.  The admissions requested are to be responded to fifty (50) days after service of this request.  The failure to answer within the prescribed period may result in the Admissions being deemed admitted by the aforementioned Court.  **If you fail to admit a matter upon which Plaintiff later has to prove at her expense, you may have to pay for the costs of such proof if you do not have good cause for admitting the request when such request was served.**

**ADMISSION NO. 1:**  Admit you have been properly named in Plaintiff's Original Petition.

**ADMISSION NO. 2:**  Admit you are a proper party.

**ADMISSION NO. 3:**  Admit the Court has subject matter and personal jurisdiction over you.

**ADMISSION NO. 4:**  Admit venue is proper in Tarrant County, Texas.

**ADMISSION NO. 5:**  Admit you were properly served with process.

**ADMISSION NO. 6:**  Admit you breached a duty to Plaintiff.

**ADMISSION NO. 7:**  Admit all allegations in Plaintiff's Original Petition are factually correct.

**ADMISSION NO. 8:**  Admit Plaintiff suffered physical pain and mental anguish as a result of your negligence.

**ADMISSION NO. 9:**  Admit that Plaintiff did nothing to cause or contribute to the incident in question.

**ADMISSION NO. 10**:  Admit that the incident in question occurred as alleged in Paragraph IV of Plaintiff's Original Petition.

**ADMISSION NO. 11**:  Admit that you knew or should have known about the dangerous condition prior to the incident in question.

**ADMISSION NO. 12:**  Admit that Plaintiff has incurred past medical expenses as a direct result

Unofficial Copy

of the injuries that she sustained during the incident in question.

**ADMISSION NO. 13:**  Admit that the past medical services referenced in the previous request for admission were necessary, reasonable, and customary for the services at the time and place that those services were provided to Plaintiff.

**ADMISSION NO. 14**:  Admit that you created a condition on the premise, which posed an unreasonable risk of harm to Plaintiff on the date of the incident which makes the basis of this lawsuit.

**ADMISSION NO. 15**:  Admit that you did nothing to warn Plaintiff about the dangerous condition (the slick floors) prior to the incident in question.

**ADMISSION NO. 16**:  Admit that you did not conduct a reasonable inspection of the premises prior to the incident which makes the basis of this lawsuit.

**ADMISSION NO. 17**:  Admit that in choosing not to conduct a reasonable inspect of the premises prior to the incident which makes the basis of this lawsuit, you created an unreasonable risk of harm to Plaintiff.

**ADMISSION NO. 18**:  Admit that in choosing not to timely and properly remedy the condition on the premises, you caused harm and injury to the Plaintiff.

**ADMISSION NO. 19**:  Admit that all proper notices and/or conditions precedent have been received in a timely manner by you.

## REQUEST FOR PRODUCTION

C.      Pursuant to Rule 196 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiff serves the following requests for Production of Documents on Defendants.  Defendants are requested to respond fully, in writing, and in accordance with TRCP 196.  The documents requested are to be produced to Plaintiff's counsel within fifty (50) days after service of this request. You are further advised that you are under a duty to reasonably supplement your answer.

**NOTE:  For each separately numbered request below please delineate each set of documents so that it can be easily ascertained which documents relate to which numbered request**.

**REQUEST NO. 1:**   Photographs, slides, videotapes and/or motion pictures:  All photographs, slides, videotapes and/or motion pictures which are in any way relevant to Plaintiff, Plaintiff's injuries and damages, the scene of the incident made the basis of this suit, Plaintiff's causes of action and Defendant's defenses, including, drawings, graphs, charts, and electronic data.

**REQUEST NO. 2:** Correspondence/Emails/Electronic Data Between Plaintiff and Defendant: Correspondence, emails, hand-written notes and/or electronic data exchanged between you and/or your employees, agents, or servants and Plaintiff and Plaintiff's agents and/or representatives regarding anything related to the incident in question, no matter how remote.

**Plaintiff's Original Petition, Jury Demand, and Request for Discovery**                    **Page 17**

Unofficial Copy

**REQUEST NO. 3:** <u>Statements</u>: Written, taped or transcribed statements from the Plaintiff, Defendant's agents, servants, employees, or representatives, and of any eyewitness relevant to the incident made the basis of this lawsuit.

**REQUEST NO. 4:** <u>Documents supporting contention you are not liable.</u> All documents that support your contention that you are not responsible for the Plaintiff's damages.

**REQUEST NO. 5:** <u>Evidence at trial.</u> All documents and/or tangible things that you anticipate offering into evidence at the trial of this case.

**REQUEST NO. 6:** <u>Documents relied upon to answer Interrogatories.</u> Documents, photographs, videos, and tangible things you identified and/or relied upon, if even in part, in answering the above discovery requests.

**REQUEST NO. 7:** <u>Footage of Plaintiff.</u> Please produce all raw footage, surveillance footage, videos, pictures, or drawings you have documenting the Plaintiff.

**REQUEST NO. 8:** <u>Investigative materials.</u> A true and correct copy of any and all investigation materials regarding the incident made the basis of this suit.

**REQUEST NO. 9:** <u>DWQ</u> - Copies of any and all depositions on written questions (with accompanying records) obtained in this litigation.

**REQUEST NO. 10:** <u>Accident/Incident Reports</u> - All accident or incident reports prepared by you and/or any governmental agency regarding the incident in question.

**REQUEST NO. 11:** <u>Other Lawsuits</u> - Any and all documentation reflecting other lawsuits in which you have been involved in the past 5 years.

**REQUEST NO. 12:** <u>Consulting Expert -</u> Please produce your consulting expert's entire file, including but not limited to, all correspondence, bills, memoranda, graphs, charts, work notes, written notes, calculations, estimations and any and all documents and/or other materials supplied to and/or received from any consulting expert. For purposes of this Request, a "consulting expert" is one whose work product forms the basis, either in whole or in part, of the opinions of an expert who may be called to testify in any trial of this cause.

**REQUEST NO. 13:** <u>Documents Reviewed by a Testifying Expert(s)</u> - Any and all records, electronic data, photographs, videotaped materials and all other tangible matters reviewed by an expert who is expected to be called to testify at the time of the trial of this case, including such expert(s) report.

**REQUEST NO. 14:** <u>Documents Reviewed by a Consulting Expert(s)</u> - Any and all records, electronic data, photographs, videotaped materials and all other tangible matters reviewed by a consulting expert whose mental impressions and opinions have been reviewed by a testifying expert relevant to this lawsuit, including such consulting expert(s) report.

**REQUEST NO. 15:** <u>Retainer Agreement, Invoices &/or Statements – Testifying Expert(s)</u> - Any

**Plaintiff's Original Petition, Jury Demand, and Request for Discovery**          **Page 18**

and all retainer agreements, invoices, statements, and all other tangible matters reflecting your testifying expert(s) fees, retainer, and/or payments made to such expert(s) relevant to this lawsuit.

**REQUEST NO. 16:**  Retainer Agreement, Invoices &/or Statements – Consulting Expert(s) - Any and all retainer agreements, invoices, statements, and all other tangible matters reflecting fees charged, retainer, and/or payments made to such consulting expert(s) whose mental impressions and opinions have been reviewed by a testifying expert relevant to this lawsuit.

**REQUEST NO. 17:**  Policies and Procedures/Handbooks - Any and all policies and procedures pertaining to customer safety, prevention of fall incidents, handling/reporting/investigation of customer incidents, training of employees and managers on incident policies, forms and processes used when reporting a customer incident, maintenance logs, schedules for mandatory inspection of the property for hazards, placement of warning signs when a hazard has been identified, remediation of hazards, and document retention.

**REQUEST NO. 18:**  Job Descriptions and Job Duties - Any and all documents which evidence the job description or duties of the Defendant's employees responsible for maintaining the premises in question in a clean and hazard-free manner on the date of the incident made the basis of this lawsuit.

**REQUEST NO. 19:**  Employment and/or Personnel Files - The employment and/or personnel files of the persons who have worked on the premises in question at the time and place referenced in Plaintiff's Original Petition.

## REQUEST FOR PRIVILEGE LOG

D.      Privilege Log:  Defendants are requested to respond fully, in writing.  The documents requested are to be produced to Plaintiff's counsel within fifty (50) days after service of this request.  You are further advised that you are under a duty to reasonably supplement your answer.  If you are withholding documents based upon the assertion of a privilege, please produce a privilege log in accordance with Rule 193.3 (b), detailing with reasonable particularity a description of the documents withheld, the number of documents, and the privilege which you claim properly precludes the information from being discovered. Specifically do the following:

(a)     Detail the privilege asserted;

(b)     The title of the document(s) upon which the privilege is asserted;

(c)     The General substance of the document(s) upon which you claim there is a privilege;

(d)     Identify the location and custodian of the document(s);

(e)     Brief Description why, in your view, the privilege shields the document from discovery; and,

(f)     Bates stamp the documents upon which you claim there is a privilege for in camera inspection at a later hearing.

Unofficial Copy